M. T. McEvoy, Administrator, et al., Appellants, v. Leo J. Wegman, Treasurer of State, et al., Appellees.

No. 41903.

JUNE 20, 1933.

Robertson & Wolfe, for appellants.

Edward L. O'Connor, Attorney-general, and Clair E. Hamilton, Assistant Attorney-general, for appellees.

MITCHELL, J.—The appellants commenced an action in the lower court, in equity, for an order finding that certain described property is not subject to the imposition of an inheritance tax by the state of Iowa, on the ground that said property was transferred by the deceased prior to his death for a valuable consideration.

Lottie Sturm, according to her own testimony, was employed by the deceased, Jesse Straight, under a contract whereby she was to become the housekeeper of the said Jesse Straight, and in consideration of the performance of those duties she was to have a home for herself and daughter during the lifetime of the said Jesse Straight. She was in the continuous employ of the deceased, Jesse Straight, for twelve years, and during all of that time she worked for no one else. Her daughter, who was about 8 or 9 years of age when they came into the home, assisted in the household duties. Especially during the last years of the life of Jesse Straight, Lottie Sturm's duties were very arduous, including all the duties of a nurse. During said period of time, the record does not show that she received any consideration for said services. About two years prior to the death of Jesse Straight, he was in bad health, a part of which time he was confined in the hospital at Iowa City for treatment. It seems that at first they thought he was suffering from a tumor, but later he was advised that he had a cancer of the stomach. Shortly after returning from Iowa City, where he had been advised by medical men of his physical condition, and, to wit, on October 18, 1927, Jesse Straight called his banker, a Mr. Sassman, of Modale, Iowa, to his home near River Sioux, and at his direction had the said Sassman prepare a deed to the real estate in controversy, deeding the same to the appellant Lottie Sturm. The deed recited a consideration of one dollar and other consideration, and Jesse Straight instructed Mr. Sassman at the time he made the deed that the deed was not to be recorded or to take effect until after the death of the said Jesse Straight. It was held by the scrivener until after the death of Jesse Straight, when it was filed for record. The undisputed testimony shows that it was not to take effect until after the death of Jesse Straight. On November 19, 1927, Jesse Straight executed a will, wherein he devised to Lottie Sturm all his personal property of every nature and description. Jesse Straight died on December 4, 1927. The will was admitted to probate, and Lottie Sturm has received from the administrator the sum of $2,293.31, and there still remains in the hands of the administrator the sum of $865.42 for distribution to her upon the determination of this issue as to the payment of the inheritance tax. Later on a contest was instituted by the relatives of Jesse Straight to have set aside the deed and to prevent the probate of the will. The matter was compromised by the said Lottie Sturm's quitclaiming to said relatives part of the real estate received

by her by said deed. At the time of the settlement with the other heirs, Lottie Sturm said that, if there was any inheritance tax, she would pay it.

If this property in the hands of this appellant is subject to an inheritance tax, the statutes of Iowa must so provide. The only section that so provides is section 7312, and it is as follows:

"If the decedent makes a transfer of, or creates a trust with respect to, any property in contemplation of his death, or intended to take effect after his death (except in the case of a bona fide sale for a fair consideration in money or money's worth), and if the tax in respect thereto is not paid when due, the transferee or trustee shall be personally liable for such tax, and such property, to the extent of the decedent's interest therein at the time of his death, shall be subject to a lien for the payment of such tax."

It is the claim of the appellant in this case that section 7312 above quoted does not apply for the reason that this was a bona fide sale by Jesse Straight, for a fair consideration in money or money's worth, paid by Lottie Sturm, and that it is only the transfer of property as a gift in contemplation of death that is taxable.

We must therefore turn to the record to ascertain the facts. There is no question in the record but that Lottie Sturm, through a long period of years, rendered real service for the decedent Jesse Straight. She acted as his housekeeper, did the work around the farm, and, during the last few years of his lifetime, nursed him and cared for him. According to her own testimony, at the time she went to work for Jesse Straight, Jesse Straight, in return for her services, agreed to give her and her young daughter, a girl then about 9 years of age, a home and a living during the lifetime of the said Jesse Straight. There is no dispute in the record but that the deceased did give the appellant and her daughter a living during the deceased's lifetime. This being true, how can it be claimed that there was any consideration whatsoever for the transfer to her by the deceased of the real estate of which he died seized? According to the appellant's own testimony, the deceased at the time the deed was made out was suffering a last sickness. According to her testimony, the deed transferring the title of the real estate to her was not to be delivered or to become effective until after the death of the decedent. The deed was kept in the hands of the scrivener until after Jesse Straight died, and was then filed. Clearly, therefore, under section

7312, the transfer of the real estate to the appellant by the deceased was a transfer both in contemplation of death and to take effect at or after death, and was also without a valuable consideration. The personal property that the deceased died seized and possessed of the appellant took under and by virtue of the terms of his last will and testament. It must be kept in mind that the conveyances were not for the purpose of consummating a contract which had been made at a prior date, nor were the conveyances made as a present bargain and sale of the property to Lottie Sturm. Lottie Sturm's own testimony showed that when she commenced to stay with him the agreement was that she was to have a home for herself and her daughter during the deceased's lifetime. There is not one word of evidence in the record that at that time, to wit, when she commenced to live with Jesse Straight, he agreed to convey any property to her.

Thus it appears, since there was no consideration for the transfer of the real estate or for the gift of the personal property, and as the transfer of the real estate to the appellant by the deceased was a transfer in contemplation of death and also to take effect at or after death, all the property which the appellant received is subject to the imposition of an inheritance tax, and the finding, decree, and judgment of the lower court is correct, and the same must be and it is hereby affirmed.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.